1  Law Offices of
   RANDALL M. WIDMANN
2  RANDALL M. WIDMANN, SBN 73154
   2479 E. Bayshore Road, Suite 703
3  Palo Alto, CA 94303
   Phone: (650) 424-8400
4  Fax: (650) 617-6888

5  Attorneys for Defendant,
   RUBEN'S CUSTOM PAINT

6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11 PAVEL MALOVANY,                    CV 08        0819

12           Plaintiff,          ) (San Mateo County Case No. CIV 467222)
                                  )
13    vs.                        ) **DECLARATION OF**
                                 ) **RANDALL M. WIDMANN**
14 RUBEN'S CUSTOM PAINT, a California ) **IN SUPPORT OF NOTICE**
   corporation and DOES 1-50, inclusive, ) **OF REMOVAL**
15                               )
           Defendants.           )
16 _____)

17     I, Randall M. Widmann, declare as follows:

18     1.     I am an attorney licensed by the Bar of the State of California and I am admitted to

19 practice before this Court. I am counsel of record for Defendant, Ruben's Custom Paint. I have

20 personal knowledge of the facts set forth in this Declaration, and if called to testify under oath, could

21 and would competently testify thereto.

22     2.     Defendant, Ruben's Custom Paint [Ruben], was served with a Complaint effective on

23 January 8, 2008, filed by Plaintiff, Pavel Malovany [Malovany], on October 26, 2007, in the Superior

24 Court of the State of California for the County of San Mateo. True and correct copies of the Summons

25 and Complaint and Notice of Acknowledgment and Receipt are attached hereto and marked **Exhibit**

26 **A**.

27

28 DECLARATION OF RANDALL M. WIDMANN IN SUPPORT OF NOTICE OF REMOVAL          1

1        3.     Defendant, Ruben filed and served his Answer to the Unverified Complaint

2 ["Answer"] on February 4, 2008. A copy of the Answer is attached hereto and marked **Exhibit B.**

3        4.     True and correct copies of Ruben's Notice to Adverse Party of Removal and Notice

4 to Superior Court Clerk of Removal in this action are attached hereto as **Exhibits C and D**,

5 respectively.  Proof of Service of those Notices will be filed with this Court promptly after service.

6       I declare under penalty of perjury under the laws of the State of California and the United

7 States of America that the foregoing is true and correct.

8       Executed this ___5___ day of February 2008 at Palo Alto, California.

9

10                                                    RANDALL M. WIDMANN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 DECLARATION OF RANDALL M. WIDMANN IN SUPPORT OF NOTICE OF REMOVAL        2

**EXHIBIT A**

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RUBEN'S CUSTOM PAINT; and
DOES 1 to 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAVEL MALOVANY

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
SAN MATEO COUNTY

OCT 2 6 2007

Clerk of the Superior Court
By ___ R. Montgomery
DEPUTY CLERK

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of San Mateo-UNLIMITED 400 County Center Hall of Justice Redwood City, CA 94063 MAIN COURTHOUSE | CASE NUMBER *(Número del Caso):* **CIV 467222** |

**BY FAX**

The name, the address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KINGSLEY & KINGSLEY, APC                              (818) 990-8300   fax (818) 990-2903
GEORGE R. KINGSLEY, ESQ. SBN-38022
ERIC B. KINGSLEY, ESQ. SBN-185123
DARREN M. COHEN, ESQ. SBN-221938   16133 VENTURA BL., ENCINO, CA 91436

| DATE: *(Fecha)* **OCT 2 6 2007** | **JOHN C. FITTON** Clerk, by _R. MONTGOMERY_____, Deputy *(Secretario)* *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |

Legal Solutions Plus

KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY, ESQ. SBN-38022
ERIC B. KINGSLEY, ESQ. · SBN-185123
DARREN M. COHEN, ESQ.    SBN-221938
16133 VENTURA BL., SUITE 1200
ENCINO, CA 91436
(818) 990-8300, FAX (818) 990-2903

Attorneys for Plaintiff

**ENDORSED FILED**
SAN MATEO COUNTY

OCT 2 6 2007

Clerk of the Superior Court
By ___R. Montgomery___
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN MATEO

**CIV467222**

PAVEL MALOVANY,                    )    CASE NO.:
                                   )
                                   )                **BY FAX**
                 Plaintiff,        )    COMPLAINT FOR:
                                   )
                                   )    1. Violation of FLSA, 29 U.S.C.
      v.                           )       §§201, et seq.
                                   )    2. Cal. Wage Order; Cal. Labor
                                   )       Code §§510, 1194 & 1194.5
RUBEN'S CUSTOM PAINT; and          )    3. Cal. Labor Code §§226.7 & 512,
DOES 1 to 50, Inclusive,           )       and Ca. Wage Order
                                   )    4. Cal. Wage Order; Cal. Labor
                                   )       Code §§226, 1174, & 1174.5
                 Defendants.       )    5. California Waiting Period
                                   )       Penalties, Cal. Labor Code
                                   )       §§202 & 203
                                   )    6. California Unfair Competition
_____  )       Law, Cal. Bus. & Prof. Code
                                           §17200, et seq.

      PLAINTIFF PAVEL MALOVANY ("Plaintiff") by his undersigned

attorneys, alleges upon knowledge as to himself and upon

information and belief as to all other matters as follows:

<u>NATURE OF CLAIM</u>

      1.    This action is brought against Defendant to redress the

deprivation of rights secured to Plaintiff by the California Labor

Code and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et

seq.

1

COMPLAINT

2.    Plaintiff is an individual who resides in the County of San Mateo, State of California.

3.    For all relevant times herein, Defendant RUBEN'S CUSTOM PAINT ("RUBEN'S" or "Defendant") is a corporation authorized to do business in the state of California. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

4.    At no time during his tenure with RUBEN'S did Plaintiff qualify for any of the exemptions from the requirements of the California Labor Code or the FLSA.

## FACTUAL ALLEGATIONS

5.    Plaintiff realleges and incorporates paragraphs 1 through 4 as though fully set forth herein.

6.    Plaintiff worked as a painter and foreman for RUBEN'S from October 2003 to December 2006.

7.    During his employment with RUBEN'S, Plaintiff was paid on an hourly basis.

8.    On a regular basis, Plaintiff worked twenty-five (25) to thirty (30) hours each week in excess of forty (40) hours per week and/or in excess of eight (8) hours per day, including weekends.

9.    Plaintiff was not paid at one and a half times his regular rate for these additional hours.

## FIRST CAUSE OF ACTION

### Violation of FLSA, 29 U.S.C. §§201, et seq.

10.    Plaintiff realleges and incorporates paragraphs 1 through 9 as though fully set forth herein.

11.    Plaintiff worked more than forty (40) hours during most workweeks and more than eight (8) hours on most workdays.

2

12.  Plaintiff was not paid at one and a half times his regular rate for these hours worked in excess of forty (40) hours per week or eight (8) hours per day.

13.  On most workdays, Plaintiff was required to work through his scheduled lunch breaks.

14.  On most workdays, Plaintiff was required to work through unpaid breaks.

15.  At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. §203.  At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including Plaintiff.  At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

16.  Pursuant to FLSA §§201, 203, 215, 216, 226, 226.6, 1174, 1194, 1194.2, 1197, and 1199, it is unlawful for an employer, such as Defendant, to suffer or permit an employee to work without paying wages for all hours worked.

17.  Plaintiff is entitled to be paid overtime compensation for all overtime hours worked, pursuant to FLSA.

18.  At all relevant times, Defendant had a policy and practice of failing and refusing to pay Plaintiff overtime compensation for hours worked in excess of forty (40) hours per week.

19.  By failing to compensate Plaintiff overtime for hours of work he performed in excess of forty (40) hours per week as required by FLSA, Defendant has violated FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

20.  The foregoing conduct, as alleged, constitutes a willful

3

violation of FLSA, within the meaning of 29 U.S.C. § 255(a).

21.   Plaintiff seeks recovery of attorneys' fees and costs of action, to be paid by Defendant, as provided by FLSA, 29 U.S.C. §216(b).

22.   Plaintiff seeks damages in the amount of the respective unpaid overtime compensation, plus liquidated damages, as provided by FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Cal. Wage Order; Cal. Labor Code §§510, 1194, & 1194.5**

23.   Plaintiff realleges and incorporates paragraphs 1 through 22 as though fully set forth herein.

24.   It is unlawful under California law for an employer to suffer or permit an employee to work without paying wages for all hours worked, including overtime wages for work in excess of eight (8) hour workdays and/or forty (40) hour workweeks.

25.   Plaintiff was not properly compensated for hours that he worked in excess of eight (8) hours per weekday and/or forty (40) hours per week.

26.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

27.   Plaintiff seeks damages in the amount of the respective unpaid overtime compensation, plus penalties, as provided by state law, prejudgment interest, and costs and attorneys' fees, pursuant to statute, and such other legal and equitable relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Cal. Labor Code §§226.7 & 512, and Ca. wage Order

28.    Plaintiff realleges and incorporates paragraphs 1 through 27 as though fully set forth herein.

29.    Plaintiff frequently worked through his lunch period.

30.    It is unlawful under California law for an employer to employ an employee for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes.    Additionally, an employer is required to provide a ten (10) minute rest period to its employees for every four (4) hours worked.

31.    On numerous occasions, Defendant did not provide Plaintiff a thirty 30 minute meal period or any rest periods for the majority of Plaintiff's employment with Defendant.

32.    Plaintiffs is entitled to seek penalties under Labor Code §§226.7 one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided.

### FOURTH CAUSE OF ACTION

### Cal. Wage Order; Cal. Labor Code §§226, 1174, & 1174.5

33.    Plaintiff realleges and incorporates paragraphs 1 through 32 as though fully set forth herein.

34.    By failing to record, report, and/or compensate Plaintiff for compensable time performed before and after their regularly scheduled shifts, Defendant has failed to make, keep, maintain, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of Labor Code §§226(a).

5

35.   Plaintiff is entitled to seek penalties under Labor Code §226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

### FIFTH CAUSE OF ACTION

### California Waiting Period Penalties,

### Cal. Labor Code §§202 & 203

36.   Plaintiff realleges and incorporates paragraphs 1 through 35 as though fully set forth herein.

37.   A California employer must compensate an employee that terminates his employment not later than 72 hours thereafter.

38.   Defendants failed to pay plaintiff the overtime compensation she was owed within 72 hours of the termination of Plaintiff's employment.

39.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

40.   Plaintiff is entitled to seek penalties under Labor Code §203 equal to Plaintiff's regular rate of pay for a 30 days period.

### SIXTH CAUSE OF ACTION

### California Unfair Competition Law,

### Cal. Bus. & Prof. Code §17200 et seq.

41.   Plaintiff realleges and incorporates paragraphs 1 through 40 as though fully set forth herein.

42.   The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 et

6

seq. Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

43. Defendants committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendants' conduct as herein alleged has damaged Plaintiff by wrongfully denying her earned wages, and therefore was substantially injurious to Plaintiff.

44. Defendants' course of conduct, acts, and practices in violation of California laws constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

45. The harm to Plaintiff in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

46. The unlawful and unfair business practices and acts of Defendant, as described above, has injured Plaintiff in that he was wrongfully denied the payment of earned compensation, both at his regular rate and overtime wages.

47. Plaintiff seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and applicable law.

48. Plaintiff seeks damages in the amount of the respective unpaid regular hourly wages for hours of work up to forty (40) hours per week and her unpaid overtime for all hours of work in

excess of forty (40) hours per week and/or eight (8) hours per day, attorneys' fees, and cost of suit and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

**DAMAGES**

49.  Plaintiff realleges and incorporates paragraphs 1 through 48 as though fully set forth herein.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

A.  A declaratory judgment that the practices complained of herein are unlawful under FLSA;

B.  An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

C.  Penalties available under applicable law;

D.  Costs of action incurred herein, including expert fees;

E.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

F.  Pre-Judgment and post-judgment interest, as provided by law; and

G.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all matters so triable.

DATED: October 23 , 2007                KINGSLEY & KINGSLEY, APC

By: _____
DARREN M. COHEN
Attorney for Plaintiff
PAVEL MALOVANY

8

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| KINGSLEY & KINGSLEY, APC<br>GEORGE R. KINGSLEY, ESQ. SBN-38022<br>ERIC B. KINGSLEY, ESQ. SBN-185123<br>16133 VENTURA BL., SUITE 1200<br>ENCINO, CA 91436<br>TELEPHONE NO.: (818) 990-8300   FAX NO.: (818) 990-2903<br>ATTORNEY FOR *(Name):* Plaintiff | **RECEIVED**<br><br>OCT 2 6 2007<br><br>**SUPERIOR COURT<br>CIVIL DIVISION** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: Hall of Justice
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: MAIN COURTHOUSE

**BY FAX**

CASE NAME: MALOVANY v. RUBEN'S CUSTOM PAINT; et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CIV 4 6 7 2 2 2**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* SIX

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: OCTOBER 23, 2007                                    KINGSLEY & KINGSLEY, APC

DARREN M. COHEN
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**    Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# NOTICE OF CASE MANAGEMENT CONFERENCE

Molovany

ENDORSED FILED
SAN MATEO COUNTY

OCT 2 6 2007

Clerk of the Superior Court
By   R. Montgomery
DEPUTY CLERK

vs.

Ruben's

Case No. ___CIV 4 6 7 2 2 2___

Date: ___MAR   7 2008___

Time: 9:00 a.m.

Dept. 3 — on Tuesday & Thursday
Dept. 28 — on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. **Serve all named defendants and file proofs of service on those defendants with the court within 60 days** of filing the complaint (CRC 201.7).
   b. **Serve a copy of this notice,** Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. **File and serve a completed Case Management Statement at least 15 days** before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d. **Meet and confer,** in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than **30 days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a **completed** stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: **Superior Court of California**
MAILING ADDRESS: **County of San Mateo**
CITY AND ZIP CODE: **400 County Center**
BRANCH NAME: **Redwood City, CA 94063-1655**

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** <br> (Check one): ☐ **UNLIMITED CASE** <br> (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** <br> (Amount demanded is $25,000 or less) | CASE NUMBER: |
|---|---|

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:              Dept.:          Div.:          Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint     *(describe, including causes of action):*

<table>
<tr><td colspan="2"></td><td style="text-align:right">CM-110</td></tr>
<tr><td>PLAINTIFF/PETITIONER:</td><td rowspan="2">CASE NUMBER:</td></tr>
<tr><td>DEFENDANT/RESPONDENT:</td></tr>
</table>

10. d.   The party or parties are willing to participate in *(check all that apply):*
     (1) ☐ Mediation
     (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
     (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
     (4) ☐ Binding judicial arbitration
     (5) ☐ Binding private arbitration
     (6) ☐ Neutral case evaluation
     (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:.

**14. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 14a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Superior Court of California - County of San Mateo

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Attention: Case Management Conference Clerk
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❏ Original signatures for all attorneys (and/or parties in pro per);
- ❏ The name of the neutral;
- ❏ Date of the ADR session; and
- ❏ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the San Mateo County Superior Court's ADR Panelist List and information sheets on individual panelists, they may go to the court's website (see below) or contact the ADR Coordinator at (650) 363-1962 or (650) 599-1070.

## If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

## If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

## Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the ADR Panelist List or can be found on the court's web site.

## Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896. For further information regarding San Mateo Superior Court's ADR program, contact the ADR offices at (650) 599-1070 or the court's ADR web site at **http//www.co.sanmateo.ca.us.sanmateocourts/adr.htm**.

SUPERIOR COURT OF CALIFORNIA – COUNTY OF SAN MATEO

## APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

## WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes that are alternatives to lawsuits. Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes. All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

## WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time**. Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

## Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation. The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

**Arbitration:** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be

| Attorney or Party without Attorney<br>(Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| **Superior Court of California, County of San Mateo**<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | |
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation    ☐ Binding Arbitration (private)
☐ Neutral Evaluation    ☐ Settlement Conference (private)
☐ **Non-Binding Judicial Arbitration CCP 1141.12**    ☐ Summary Jury Trial
☐Other: _____

Case Type: _____

Neutral's name and telephone number: _____

Date of session: _____

(Required for continuance of CMC except for non-binding judicial arbitration)

Identify by name the parties to attend ADR session: _____

### ORIGINAL SIGNATURES

_____
Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
☐Attorney for (Signature)

Attorney or Party without attorney

_____
Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
☐Attorney for (Signature)

Attorney or Party without attorney

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

_____

Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____

☐Attorney for (Signature)

Attorney or Party without attorney

_____

Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____

☐Attorney for (Signature)

Attorney or Party without attorney

**IT IS SO ORDERED:**

DATE:

_____

JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

Superior Court of California, County of San Mateo

# DIVISION II
## COURT MANAGEMENT - SUPERIOR COURT

## CHAPTER 1. FORM AND SERVICE OF PAPERS

Rule 2.0  Transfer of Court-Related Functions of the County Clerk to the Superior Court

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996.)

Rule 2.1  Form of Papers Presented for Filing

Reference, CRC, rule 2.100, et seq.

(Adopted, effective July 1, 1996) (Amended effective January 1, 2000) (Amended, effective January 1, 2007)

Rule 2.1.1 Citations to Non-California Authorities.

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.2  Requests for Judicial Notice

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

Rule 2.1.3 California Environmental Quality Act (CEQA)

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1.  Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2.1.4 effective January 1,2000)

Rule 2.1.4 Documents Produced Through a Nonparty

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)

Superior Court of California, County of San Mateo

(c)    Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below.  Cases filed <u>before</u> July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)    Filing and service of pleadings; exceptions.

(1)    Complaint:  Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)    A blank copy of the Judicial Council Case Management Statement;

(B)    A copy of Local Rule 2.3;

(C)    The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted.  The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)    Cross-complaint:  Except as provided in paragraph 5 below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint)  not already served with the answer under Code of Civil Procedure section. 428.50 and serve with that cross-complaint:

(A)    A blank copy of the Judicial Council Case Management Statement;

(B)    A copy of Local Rule 2.3;

(C)    The Notice of Case Management Conference.

(3)    Responsive pleadings:  Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service.  The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered.  If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered.  The court may fix a time for filing pleadings responsive to such amended complaint.

(4)    Proofs of service:  Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)    Exceptions for longer periods of time to serve or respond:

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)    Conference orders:  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

(A)    An order referring the case to arbitration, mediation or other dispute resolution process;

(B)    An order transferring the case to the limited jurisdiction of the superior court;

(C)    An order assigning a trial date;

(D)    An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

(E)    An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

(F)    An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

(G)    An order scheduling the exchange of expert witness information;

(H)    An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

(I)    Other orders to achieve the interests of justice and the timely disposition of the case.

(8)    CourtCall Telephonic Appearances

(A)    Reference CRC, Rule 3.670

(B)    Procedure.  Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

(C)    On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing.  Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation.  Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

Superior Court of California, County of San Mateo

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing: (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)    Stipulations to Private ADR

(1)    If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days.  The court shall notify all parties of the continued case management conference.

(2)    If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)    Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider.  Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)    All parties and counsel shall participate in the ADR process in good faith.

(5)    To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)    In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)    Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator.  In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly.  All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)    Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)    Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two

Superior Court of California, County of San Mateo

(2)    Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an unsatisfied deductible, or if the insurance carrier is demanding that the insured contribute to settlement.

(3)    With respect to any insured party, a representative of the insurance carrier with authority to settle which is meaningful considering the exposure to loss presented shall personally attend. If the claims representative in personal attendance has any limitation on his or her settlement authority, a representative of the carrier who has no such limitations shall be available to the court by telephone and shall remain available until released by the judge conducting the conference, regardless of the time of day at the location of that representative.

(4)    Upon arrival at the department to which the conference has been assigned, counsel shall check in with the clerk and shall verify the attendance of those persons whose presence is required.

(5)    Notwithstanding the provisions of CRC 3.1380(c), no later than five(5) court days before the date set for the settlement conference each party shall lodge with the office of the court administrator and serve on all other parties a written statement setting forth the following:

    (A)    A statement of facts.

    (B)    The contentions of each party to the action regarding liability and damages.

    (C)    An itemized list of special damages.

    (D)    In any case in which personal injury is claimed:

        (i)    A description of the nature and extent of any injury claimed, including residuals.

        (ii)    A description of the basis for and method of calculation of any claimed wage loss.

    (E)    The most recent demand and offer or a description of any other proposed settlement between or among the parties.

(6)    All parties shall be prepared to make a bona fide offer of settlement.

(b)    The personal attendance of any person who is required by these rules to be present may be excused only by the presiding judge upon application made prior to the day on which the conference is scheduled. Any such person whose attendance is excused must remain available by telephone until he or she has been excused by the judge conducting the conference regardless of the time of day at the location of that person.

(c)    No conference may be continued without the consent of the presiding judge or, if known, the judge to whom the case has been assigned for conference.

Superior Court of California, County of San Mateo

# CHAPTER 4. JURY RULES

Rule 2.7 Length of Jury Service

In compliance with CRC 2.1002, a person has fulfilled his or her jury service obligation when he or she has:

(a)     Served on one trial until discharged.

(b)     Been assigned on one day for jury selection until excused by the jury commissioner.

(c)     Attended court but was not assigned to a trial department for selection of a jury before the end of that day.

(d)     Been assigned to a trial department for selection of a jury and has been excused by the trial judge.

(e)     Served one day on call.

(f)     Served no more than 5 court days on telephone standby. -

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)


Rule 2.7.1  Proposed Jury Instructions

(a)     Reference California Rules of Court, Rules 2.1055 and 2.1050.

(b)     The Trial Department shall determine in its discretion the timing of submission of proposed jury instructions.

(Amended, effective January 1, 2002) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)


Rule 2.7.2 Duty Of Counsel with Respect to Jury Instructions

Before delivery of proposed jury instructions to the trial judge and opposing counsel, counsel shall fill in all blanks, make all strikeouts, insertions and modifications therein which are appropriate to the case. Submission of a form, which requires additions or modifications to constitute a complete and intelligible instruction, shall not be deemed a request for such instruction.

In addition to a hard copy of the proposed jury instructions, counsel shall provide the modified instructions on a computer diskette, and a clean copy of the instructions to be given to the jury.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006)

Rule 2.7.3 Form of Proposed Jury Instructions (CCP §§ 607a, 609.)

All proposed jury instructions shall conform to the requirements of California Rules of Court, Rule 2.1055. Any jury instructions requested after the conclusion of taking evidence shall be in writing. The court, in its discretion, may permit instructions to be sent into the jury room in "Booklet Form". In

Superior Court of California, County of San Mateo

Rule 2.7.6  Refund of Jury Fees:  Duty to Notify Court

Jury fees shall be refunded pursuant to CCP Section 631.3 only if the party depositing the fees has given the master calendar coordinator written notice, at least two court days before the trial date, that the case settled, dropped or that the party's motion for continuance has been granted.

(Adopted, effective July 1, 2004 [former Rule 2.6])

## CHAPTER 5.  GENERAL RULES

Rule 2.8  Family Law Rules

The local rules of San Mateo Superior Court relating to Family Law are contained in Division V of these rules, infra.

(Adopted, effective July 1, 1996)

Rule 2.9  Required Action

Action shall be taken on all calendared cases and a future date for action shall always be set.  No case shall go "off calendar" without a future action being set.

(Adopted, effective July 1, 1996.)

Rule 2.10  Interpreters and Translators

a)      Notice.  When a party desires an interpreter, it shall be the responsibility of that party to give notice to the Court and all other parties of record.  That party shall make arrangements for the presence and the payment of the interpreter.

b)      Qualifications.  Unless the interpreter is an official court interpreter, the interpreter's name and qualifications shall be provided to the court and opposing counsel five (5) court days prior to the date of the interpreter's appearance .  If the interpreter is an official court interpreter, no prior disclosure is required.

c)      Relations or friends.  Without the consent of all parties, a relation or a friend may not be used as an interpreter or translator in a contested proceeding.

(Adopted, effective January 1, 2000)

**Rules 2.11 thru 2.19 (Reserved)**

## CHAPTER 6.  CIVIL TRIAL RULES

Rule 2.20  Trial Motions, Briefs, Statements, and Witness Lists

        Upon assignment to a trial department for trial by a jury, each party shall file with that department the following:
            (1)     Any in limine motions and response thereto;
            (2)     Any trial briefs;

Superior Court of California, Coun., .f San Mateo

C.    Application to Designate or Counter-Designate an Action as a Complex Case.

Any party who files either a Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court.  The certificate must include supporting information showing a reasonable basis for the complex case designation being sought.  Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action:

(1)    Management of a large number of separately represented parties;
(2)    Complexity of anticipated factual and/or legal issues;
(3)    Numerous pretrial motions that will be time-consuming to resolve;
(4)    Management of a large number of witnesses or a substantial amount of documentary evidence;
(5)    Coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court;
(6)    Whether or not certification of a putative class action will in fact be pursued; and
(7) .  Substantial post-judgment judicial supervision.

A copy of the Certificate Re: Complex Case Designation must be served on all opposing parties. Any certificate filed by a plaintiff shall be served along with the initial service of copies of the Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401), summons, and complaint in the action. Any certificate filed by a defendant shall be served together with the service of copies of the counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)) and the initial first appearance pleading(s).

D.    Noncomplex Counter-Designation. .

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation has been filed and served and the Court has not previously declared the action to be a complex case, a defendant may file and serve no later than its first appearance a counter Civil Case Cover Sheet designating the action as not a complex case. Any defendant who files such a noncomplex counter-designation must also file and serve an accompanying Certificate Re: Complex Case Designation in the form prescribed by this Court and setting forth supporting information showing a reasonable basis for the noncomplex counter-designation being sought.

Once the Court has declared the action to be a complex case, any party seeking the Presiding Judge's decision that the action is not a complex case must file a noticed motion pursuant to Section H below.

E.    Decision by Presiding Judge on Complex Case Designation; Early Status Conference.

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation have been filed and served, the Presiding Judge shall decide as soon as reasonably practicable, with or without a hearing, whether the action is a complex case and should be assigned to a single judge for all purposes.

Upon the filing of a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation, the Clerk of the Court shall set a status conference at which the Presiding Judge shall decide whether or not the action is a complex case. This status conference shall be held no later than (a) 60 days after the filing of a Civil Case Cover Sheet by a plaintiff (pursuant to California Rules of Court, Rule 3.401) or (b) 30 days after the filing of a counter

# SAN MATEO SUPERIOR COURT

## COURTCALL TELEPHONIC APPEARANCES

### JANUARY, 2004

Until further notice, voluntary telephonic appearances ("CourtCall Appearances") may continue to be made for Case Management Conferences in Departments 6 (Judge Kopp) and 21 (Judge Foiles), and for Civil Law and Motion matters in Department 1 (Judge Mittlesteadt) from 1/1/04 to 6/30/04 or Department 3 (Judge Freeman) from 7/1/04 to 12/31/04.

Counsel may make a CourtCall Appearance as follows:

1. NOT LESS THAN FIVE (5) COURT DAYS BEFORE THE HEARING DATE IN DEPARTMENTS 6 AND 21 AND NOT LATER THAN 4:30 P.M. ON THE COURT DAY PRIOR TO HEARING IN DEPARTMENT 1 (1/1-6/30) or DEPARTMENT 3 (7/1-12/31) serve and file with CourtCall (not the Court!) a Request for CourtCall Telephonic Appearance (included in this package);

2. Pay a fee of $55.00 to CourtCall, LLC.

Required filing and payment procedures are detailed within the instruction sheet "How to Use CourtCall," (see reverse). A confirmation from CourtCall, LLC, will be faxed to your office upon the filing and payment outlined above.

A CourtCall Appearance is made as part of a participating Department's usual calendar. Unless notified to the contrary, all counsel who have timely filed their Request and have paid the fee may appear by dialing the toll-free teleconference number provided by CourtCall, LLC. A pre-hearing check-in will occur five minutes before the scheduled hearing time. CourtCall Appearances will generally be afforded a calendar preference.

A CourtCall Appearance is voluntary and may be made without consent of the other party or advance consent of the Court. The Court, however, reserves the discretion to require personal appearance. In matters where only one party elects to make a CourtCall Appearance, the matter will be heard on the Court's speakerphone.

See reverse side for "How to Use CourtCall".

COURTCALL, LLC

*Telephonic Court Appearances*

6365 ARIZONA CIRCLE

LOS ANGELES, CALIFORNIA 90045

(TEL) (310) 342-0888 (888) 88-COURT

(FAX) (310) 743-1850 (888) 88-FAXIN

## How To Use CourtCall! - SAN MATEO

### Filling Out The Form

**1. Serve:** Not less than 5 Court Days before the hearing (or 4:30 PM the Court day prior to hearing for Dept. 1 through 6/30/04 or Dept. 3 from 7/1/04 through 12/31/04) **COMPLETELY** fill out the original of the Request for CourtCall Appearance (the "Request Form"). Retain the original Request Form in your file. DO NOT FILE IT WITH THE COURT. Check the box indicating the method of payment of the fee. **INCOMPLETE REQUEST FORMS MAY RESULT IN A DELAY IN PROCESSING!!**

**2. Fax to CourtCall:** Fax a copy of the Form to CourtCall not less than 5 Court days prior to the hearing (of 4:30 pm the Court day prior to hearing for Dept. 1 or Dept. 3 as noted above). Do not fail to do so, as the CourtCall Calendar is set through these faxes!! **LATE FILINGS, IF ACCEPTED, ARE SUBJECT TO A LATE FEE!!**

**3. Payment by Credit Card:** Fill out credit card information *only* on the copy faxed to CourtCall and have that copy SIGNED by the PERSON WHOSE NAME IS ON THE CREDIT CARD.

**4. Payment by Check:** Fax a copy of check - write case # on check-payable to Telephonic Hearing Account to CourtCall with your Form and mail your check and a copy of your Form to CourtCall.

**5. Proof of Payment/CalendarConfirmation:** Under normal circumstances you should receive a Confirmation from CourtCall, by fax, within 24 hours of submission of a completed Request Form. The Confirmation will contain your teleconference number and access code (if any**).

IF YOU DO NOT RECEIVE YOUR FAXED CONFIRMATION FROM COURTCALL WITHIN 24 HOURS OF SUBMISSION, CALL COURTCALL IMMEDIATELY TO VERIFY YOUR STATUS - WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR!

FOR INFORMATION AND QUESTIONS ABOUT A COURTCALL APPEARANCE, CALL COURTCALL, NOT THE CLERK/COURT!

### When You Make The Call

* YOU MUST CALL THE TOLL FREE NUMBER ON YOUR CONFIRMATION 5 MINUTES BEFORE YOUR SCHEDULED HEARING TIME. NEVER USE A CELLULAR OR PAY PHONE. If prompted, dial your Access Code.** You will be advised whether you are joining the call in progress or if you are the first to call or you may be placed on "music-on-hold."

* If Court has commenced, DO NOT INTERRUPT! You will have an opportunity to speak. If the call is in progress and you hear voices, wait until an opportunity to speak arises without interrupting others. The Clerk may be performing a check-in and will get to you.**

* After check-in wait until your case is called. Use your speakerphone while waiting if you are able to mute the microphone to eliminate ambient noise. When your case is called you MUST USE THE HANDSET. Identify yourself each time you speak and use common courtesy.

* If you are the first person on the call be patient, even if you experience silence or are placed on "music-on-hold," as the Clerk will join the call in due course. As others join you will hear a mild beep-beep" indicating others are on the line. Until your case is called do not speak other than with the Clerk. ** If the Clerk does not join the call within 15 minutes after your scheduled hearing time, have a staff member call CourtCall on our toll free Help Line - (888) 882-6878 and we will be happy to assist you. **DO NOT LEAVE THE LINE!**

"If the Confirmation from CourtCall does not list an access code with your assigned teleconference number, your matter will be heard privately, not in open court. The 5 minute check-in period will be conducted by a Teleconference Specialist who will conduct the conference in accordance with the Court's instructions. You will be placed on "music-on-hold" while you wait for the Judge to call your matter. The rules regarding cell phones and use of handsets apply. IF YOUR HEARING IS CONTINUED YOU MUST NOTIFY COURTCALL OF THE CONTINUANCE , IN WRITING, PRIOR TO YOUR COURTCALL APPEARANCE TO HAVE YOUR FEE APPLY TO THE CONTINUED HEARING. MATTERS CONTINUED AT THE TIME OF THE HEARING REQUIRE A NEW FORM AND A NEW FEE FOR THE CONTINUED DATE.

| ATTORNEY OF RECORD (Name /Address/Phone/Fax): | DO NOT FILE WITH COURT |
|---|---|
| State Bar No._____<br><br>ATTORNEY FOR (Name):<br><br>San Mateo Superior Court | COMPLETELY FILL OUT/CORRECT FORM BEFORE SUBMITTING TO COURTCALL!! |

| | CASE NUMBER:<br><br>JUDGE/DEPARTMENT:<br><br>DATE AND TIME:<br><br>NATURE OF HEARING: |
|---|---|
| **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE** | |

1. _____ (Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances. **I UNDERSTAND THAT _I DIAL_ INTO THE CALL FIVE MINUTES BEFORE ITS SCHEDULED START TIME.**

2. Not less than five Court days prior to hearing (or 4:40 pm the Court day prior for Dept. 28), a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 572-4679 OR (888) 88-FAXIN.

3. The non-refundable CourtCall Appearance Fee in the sum of $55.00 (plus additional fee of $35.00 **if late filing is accepted**) is paid as follows:

☐ Check (copy faxed-write case # on check) payable to CourtCall. <u>DO NOT MAIL ORIGINAL</u>. Signature below authorizes an ACH (electronic) debit in the amount and from the account listed on the check.

☐ Charged to CourtCall Debit Account No.:_____

☐ Charged to VISA, MasterCard or American Express:

> **TO BE COMPLETED ONLY ON THE COPY SUBMITTED TO** CourtCall, LLC:
>
> Credit Card:    O VISA    O MasterCard    O American Express
>
> Credit Card Number:_____    Expiration Date:_____
>
> To pay by credit card, the copy of this form submitted to CourtCall, LLC, must be signed by the person whose card is to be charged and must be **faxed** to CourtCall at (310) 572-4670 or (888) 88-FAXIN with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card.
>
> Date:_____ Name on Card:_____
>
>                    Type Name             Signature

4. Request Forms are processed within 24 hours. Call CourtCall if you do not receive a faxed Confirmation from CourtCall within 24 hours. **WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL.**

Dated:_____     _____
                                                      Signature

4.25.02        **REQUEST FOR COURTCALL TELEPHONIC APPEARANCE**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| KINGSLEY & KINGSLEY, APC<br>GEORGE R. KINGSLEY, ESQ. SBN-38022<br>ERIC B. KINGSLEY, ESQ. SBN-185123<br>DARREN M. COHEN, ESQ. SBN-221938<br>16133 VENTURA BL., #1200, ENCINO, CA 91436<br>TELEPHONE NO.: (818) 990-8300   FAX NO. *(Optional):* (818) 990-2903<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, PAVEL MALOVANY | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN MATEO
  STREET ADDRESS: 400 COUNTY CENTER
  MAILING ADDRESS: HALL OF JUSTICE
  CITY AND ZIP CODE: REDWOOD CITY, CA 94063
  BRANCH NAME: MAIN COURTHOUSE

PLAINTIFF/PETITIONER: PAVEL MALOVANY

DEFENDANT/RESPONDENT: RUBEN'S CUSTOM PAINT; et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV 467222 |
|---|---|

ANYONE AUTHORIZED TO ACCEPT SERVICE FOR:

TO *(insert name of party being served):* RUBEN'S CUSTOM PAINT

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: DECEMBER 19, 2007

KINGSLEY & KINGSLEY, APC

DARREN M. COHEN
        (TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* NOTICE OF CASE MANAGEMENT CONFERENCE; ADR STIPULATION AND EVALUATION INSTRUCTIONS; APPROPRIATE DISPUTE DISPUTE RESOLUTION INFORMATION SHEET; STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

*(To be completed by recipient):*
Date this form is signed: 1/08/08

RANDALL M. WIDMANN ATTORNEY                    ATTORNEY FOR
    (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
       ON WHOSE BEHALF THIS FORM IS SIGNED)             ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
FOR RUBENS CUSTOM PAINT                    RUBENS CUSTOM PAINT

Page 1 of 1

Form Adopted for Mandatory Use           NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL        Code of Civil Procedure,
Judicial Council of California                                     §§ 415.30, 417.10
POS-015 [Rev. January 1, 2005]                                Legal Solutions Plus

**EXHIBIT B**

Law Offices of
RANDALL M. WIDMANN
RANDALL M. WIDMANN, St. Bar No. 73154
2479 E. Bayshore Rd., Suite 703
Palo Alto, California 94303
(650) 424-8400

Attorneys for Defendant
RUBEN'S CUSTOM PAINT

ENDORSED FILED
SAN MATEO COUNTY

FEB    4 2008

Clerk of the Superior Court
By _____A. De Leon_____
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

PAVEL MALOVANY,                          )    No.  CIV 467222
                                         )
          Plaintiff,                     )    ANSWER TO UNVERIFIED
                                         )    COMPLAINT
     vs.                                 )
                                         )
RUBEN'S CUSTOM PAINT, a California        )
corporation and  DOES 1-50, inclusive,   )
                                         )
          Defendants.                    )
_____)

Defendant, RUBEN'S CUSTOM PAINT,  answers the unverified Complaint of Plaintiff,

PAVEL  MALOVANY, as follows:

          Said Defendant denies each and every, all and in the singular the allegations of said

Complaint and further denies that Plaintiff has suffered damages of any sort or kind or is entitled

to any relief of any sort or kind and further denies that said Defendant is guilty of any wrongful

conduct of any kind or description or that Plaintiff was injured, damaged, harmed in any way, or

entitled to any relief.

          As and for its Affirmative Defenses, said Defendant alleges as follows:

ANSWER TO UNVERIFIED COMPLAINT                                                    1

## AFFIRMATIVE DEFENSES

AS A FIRST SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that neither the Complaint nor any cause of action contained therein state facts on which relief can be granted.

AS A SECOND SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is barred from claiming any injury or damages because he has caused such injury or damages, and/or has failed and refused to make reasonable efforts to mitigate any such injury or damages.

AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that actions taken with regard to Plaintiff were taken for lawful business reasons.

AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that actions undertaken with regard to Plaintiff were privileged.

AS A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state facts sufficient to support a claim for punitive damages or any penalties.

AS A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that, even if unlawful conduct occurred with regard to Plaintiff, such was not the result of purposeful, knowing, oppressive, or malicious intent by Defendant.

AS A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the California Workers' Compensation Act.

AS AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that

ANSWER TO UNVERIFIED COMPLAINT                                              2

Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the California Labor Code Section 132a.

AS A NINTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred by the provisions of the California Labor Code Section 2922.

AS A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's damages, if any, were caused by Plaintiff's own intentional or negligent acts and/or misconduct.

AS AN ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is guilty of unclean hands.

AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is guilty of laches.

AS A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to mitigate his damages, if any, he sustained.

AS A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is estopped from asserting that Defendant acted wrongfully.

AS A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has been paid all of the monies to which he would otherwise be entitled.

AS A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, available defenses. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

1
2        WHEREFORE, Defendant prays:

3        That Plaintiff take nothing from his complaint either on his own behalf or for others; that

4    the action be dismissed with prejudice; that Defendant be awarded costs of suit; that Defendant

5    be awarded all of its attorneys' fees; and for such other and further relief as the Court may deem

6    just and proper.

7

8
     Dated: February 4, 2008.
9
                                              RANDALL M. WIDMANN
10                                            Attorney for Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ANSWER TO UNVERIFIED COMPLAINT                                              4

1

2    Law Offices of
     RANDALL M. WIDMANN
3    RANDALL M. WIDMANN, St. Bar No. 73154
     2479 E. Bayshore Rd., Suite 703
4    Palo Alto, California  94303
     (650) 424-8400
5

6    Attorneys for Defendant
     RUBEN'S CUSTOM PAINT
7

8
                    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                         IN AND FOR THE COUNTY OF SAN MATEO
10

11   PAVEL MALOVANY,                    )    No.  CIV 467222
                                        )
12              Plaintiff,              )    **PROOF OF SERVICE**
                                        )
13       vs.                            )
                                        )
14                                      )
     RUBEN'S CUSTOM PAINT, a California )
15   corporation and  DOES 1-50, inclusive, )
                                        )
16              Defendants.             )
                                        )
17   _____)

18

19

20

21

22

23

24

25

26

27

28   PROOF OF SERVICE                                              1

## PROOF OF SERVICE

RE:    MALOVANY v. RUBEN'S CUSTOM PAINT
       CASE NO. CIV 467222

I, ANNA DELGADO, declare:

I am over the age of 18 years, and not a party to this action.  My business address is 2479 East Bayshore Road, Suite 703, Palo Alto, CA 94303 and on the date executed below, I served the within document(s), to wit:

**ANSWER TO UNVERIFIED COMPLAINT.**

on the party and/or parties listed below in said action:

**Darren M. Cohen, Esq.**
**Kingsley & Kingsley, APC**
**Attorneys for Plaintiff, Pavel Malovany**
**16133 Ventura Blvd., Suite 1200**
**Encino, CA 91436**
**Phone (818) 990-8300**
**Fax (818) 990-2903**

_____X_____    **(By Mail)** I am readily familiar with this office's business practice for collection, processing and depositing of correspondence for mailing with the United States Postal Service and that the above document(s) will be deposited with the United States Postal Service on this date by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail box at Palo Alto, California addressed as indicated above to each of the listed persons or parties listed above.

_____    **(By Facsimile)** By personally transmitting a true copy of the above document(s) via a facsimile machine to the parties or person listed above at the telephone-fax number listed for that party or person.

_____    **(By Personal Service)**  By personally delivering a true copy of the above document(s) to the office address of the persons or parties listed above.

_____    **(By Federal Express-Overnight)** I am readily familiar with the Federal Express business practice for collection and processing of Federal Express packages and I

PROOF OF SERVICE                                                                2

have deposited the document(s) listed above in an authorized Federal Express Drop Box located at 2479 E. Bayshore Rd., Palo Alto, CA 94303, fully prepaid and addressed to the person or parties shown above.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 4, 2008 at Palo Alto, California.

ANNA DELGADO

**EXHIBIT C**

1   Law Offices of
    RANDALL M. WIDMANN
2   RANDALL M. WIDMANN, SBN 73154
    2479 E. Bayshore Road, Suite 703
3   Palo Alto, CA 94303
    Phone: (650) 424-8400
4   Fax: (650) 617-6888

5   Attorneys for Defendant,
    RUBEN'S CUSTOM PAINT
6

7
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                    IN AND FOR THE COUNTY OF SAN MATEO
9

10  PAVEL MALOVANY,                    ) CASE NO.  CIV 467222
                                       )
11              Plaintiff,             )
                                       )
12      vs.                            ) **NOTICE TO ADVERSE PARTY OF**
                                       ) **REMOVAL OF CIVIL ACTION TO THE**
13  RUBEN'S CUSTOM PAINT, a California ) **UNITED STATES DISTRICT COURT**
    corporation and DOES 1-50, inclusive, )
14                                     )
                Defendants.            )
15  _____ )

16
    **TO PLAINTIFF PAVEL MALOVANY AND HIS ATTORNEY OF RECORD, DARREN M.**
17
    **COHEN:**
18
            **PLEASE TAKE NOTICE** that Notice of Removal of this action was filed in the United
19
    States District Court for the Northern District of California, San Francisco Division, on February 5,
20
    2008. Attached is a copy of the Notice of Removal, the filing of which effects the removal of this
21
    action to the United States District Court.
22

23
    Dated: February ___5___, 2008
24
                                            RANDALL M. WIDMANN
25                                          Attorney for Defendant

26

27
    NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION
28  TO THE UNITED STATES DISTRICT COURT

**EXHIBIT D**

1   Law Offices of
    RANDALL M. WIDMANN
2   RANDALL M. WIDMANN, SBN 73154
    2479 E. Bayshore Road, Suite 703
3   Palo Alto, CA 94303
    Phone: (650) 424-8400
4   Fax: (650) 617-6888

5   Attorneys for Defendant,
    RUBEN'S CUSTOM PAINT
6

7

                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                    IN AND FOR THE COUNTY OF SAN MATEO
9

10   PAVEL MALOVANY,          )   CASE NO.  CIV 467222
                           )
11         Plaintiff,        )   **NOTICE TO SUPERIOR COURT CLERK**
                           )   **OF REMOVAL OF CIVIL ACTION TO**
12     vs.               )   **THE UNITED STATES DISTRICT COURT**
                           )
13   RUBEN'S CUSTOM PAINT, a California  )
    corporation and DOES 1-50, inclusive,   )
14                          )
        Defendants.       )
15   _____)

16   **TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SAN MATEO:**

17         Attached hereto is a true and correct copy of the Notice of Removal of the above-entitled

18   action, the original of which was filed with the United States District Court for the Northern District

    of California, San Francisco Division, on February 5, 2008.
19
        The filing of said Notice of Removal effects removal of the above-entitled action from this
20
    Court.
21

22   Dated: February _____, 2008

23                         RANDALL M. WIDMANN
                        Attorney for Defendant
24

25

26

27

28   NOTICE TO SUPERIOR COURT CLERK OF REMOVAL OF CIVIL ACTION
    TO THE UNITED STATES DISTRICT COURT

1  Law Offices of
   RANDALL M. WIDMANN
2  RANDALL M. WIDMANN, SBN 73154
   2479 E. Bayshore Road, Suite 703
3  Palo Alto, CA 94303
   Phone: (650) 424-8400
4  Fax: (650) 617-6888

5  Attorneys for Defendant,
   RUBEN'S CUSTOM PAINT

6

**ENDORSED FILED**
**SAN MATEO COUNTY**

FEB - 5 2008

Clerk of the Superior Court
By ___S. YAMBING___
DEPUTY CLERK

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SAN MATEO

10 PAVEL MALOVANY,                  )  CASE NO.  CIV 467222
                                    )
11         Plaintiff,               )  **NOTICE TO SUPERIOR COURT CLERK**
                                    )  **OF REMOVAL OF CIVIL ACTION TO**
12     vs.                          )  **THE UNITED STATES DISTRICT COURT**
                                    )
13 RUBEN'S CUSTOM PAINT, a California )
   corporation and DOES 1-50, inclusive, )
14                                  )
           Defendants.             )
15 ─────────────────────────────────)

16 **TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SAN MATEO:**

17         Attached hereto is a true and correct copy of the Notice of Removal of the above-entitled

18 action, the original of which was filed with the United States District Court for the Northern District

19 of California, San Francisco Division, on February 5, 2008.

20         The filing of said Notice of Removal effects removal of the above-entitled action from this

21 Court.

22 Dated: February ___5___, 2008

23                                         _____
                                          RANDALL M. WIDMANN
24                                        Attorney for Defendant

25

26

27

28 NOTICE TO SUPERIOR COURT CLERK OF REMOVAL OF CIVIL ACTION
   TO THE UNITED STATES DISTRICT COURT

1  Law Offices of
   RANDALL M. WIDMANN
2  RANDALL M. WIDMANN, SBN 73154
   2479 E. Bayshore Road, Suite 703
3  Palo Alto, CA 94303
   Phone: (650) 424-8400
4  Fax: (650) 617-6888

5  Attorneys for Defendant,
   RUBEN'S CUSTOM PAINT

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11  PAVEL MALOVANY,                    ) CASE NO.
                                       )
12          Plaintiff,                 ) (San Mateo County Case No. CIV 467222)
                                       )
13      vs.                            ) **NOTICE OF REMOVAL**
                                       )
14  RUBEN'S CUSTOM PAINT, a California )
    corporation and DOES 1-50, inclusive, )
15                                     )
            Defendants.                )
16  _____)

17  **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE**

18  **NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, PAVEL MALOVANY AND HIS**

19  **ATTORNEY OF RECORD, DARREN M. COHEN:**

20          **PLEASE TAKE NOTICE** that Defendant, RUBEN'S CUSTOM PAINT [Ruben], hereby

21  removes this action from the Superior Court of the State of California for the County of San Mateo

22  to the United States District Court for the Northern District of California, San Francisco Division.

23  This removal is based on the fact that Federal questions are posed therefore, the action is subject to

24  removal pursuant to 28 USC §1441(b) and 28 USC §1331 and for the reasons stated below:

25          1.      On or about October 26, 2007, Plaintiff filed a Complaint alleging violations of the Fair

26  Labor Standards Act including but not limited to violations of 29 USC §§201, et seq. violations of

27  29 USC §§207(a)(1) and 215(a).  The Complaint alleges, inter alia, that Defendant did not pay

28  NOTICE OF REMOVAL

1  Plaintiff minimum, overtime and mealtime wages in violation of the Fair Labor Standards Act.

2      2.      Ruben was served with a Complaint effective on January 8, 2008 .

3      3.      Ruben filed and served his Answer to the Unverified Complaint on February 4, 2008.

4  A copy of the Answer is attached as an exhibit to the Declaration of Randall M. Widmann.

5      4.      Defendants, Doe 1 through 50 are unnamed and unknown and, therefore, to

6  Defendant's knowledge have not been served with Plaintiff's Summons and Complaint.

7      5.      In accordance with 28 USC § 1446(d) Defendant, Ruben, will promptly, after filing

8  this Notice of Removal, give written notice of the filing of the Notice to Plaintiff, Malovany, and the

9  Clerk of the San Mateo County Superior Court.  Copies of those Notices are attached to the

10  Declaration of Randall M. Widmann.  Proof of Service of the Notice to the Superior Court Clerk of

11  Removal and of the Notice to Adverse Party of Removal will be filed with this Court promptly

12  thereafter.  (See Declaration of Randall M. Widmann).

### I.

### REMOVAL IS BASED ON

### FEDERAL QUESTION JURISDICTION

16      6.      As set forth in the body of the Complaint, the Complaint puts in question various

17  United States Code Sections including 29 USC §§201, et seq. and violations of 29 USC §§207(a)(1)

18  and 215(a) and seeks recovery under, inter alia, §28 USC 216 (b).

### II.

### INTRADISTRICT ASSIGNMENT

21      7.      Assignment to the San Francisco Division is proper because the state action filed by

22  Plaintiff is pending in the Superior Court of the County of San Mateo. [28 U.S.C. §1446(a); Northern

23  District L.R. 3-2(d).]

24      WHEREFORE, Ruben removes the above-entitled action now pending in the Superior Court

28  NOTICE OF REMOVAL                                                                2

1  of the State of California for the County of San Mateo to this Court.

2

3  Dated: February _____, 2008

                      RANDALL M. WIDMANN
4                        Attorney for Defendant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  NOTICE OF REMOVAL

                                             3

1   Law Offices of
    RANDALL M. WIDMANN
2   RANDALL M. WIDMANN, SBN 73154
    2479 E. Bayshore Road, Suite 703
3   Palo Alto, CA 94303
    Phone: (650) 424-8400
4   Fax: (650) 617-6888

5   Attorneys for Defendant,
    RUBEN'S CUSTOM PAINT

**ENDORSED FILED**
**SAN MATEO COUNTY**

FEB - 5 2008

Clerk of the Superior Court
By ____S. YAMBING____
DEPUTY CLERK

6

7                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     IN AND FOR THE COUNTY OF SAN MATEO

9

10  PAVEL MALOVANY,                    ) CASE NO.  CIV 467222
                                       )
11          Plaintiff,                 )
                                       )
12      vs.                            ) **NOTICE TO ADVERSE PARTY OF**
                                       ) **REMOVAL OF CIVIL ACTION TO THE**
13  RUBEN'S CUSTOM PAINT, a California ) **UNITED STATES DISTRICT COURT**
    corporation and DOES 1-50, inclusive, )
14                                     )
                                       )
15          Defendants.               )
    _____)

16

17  **TO PLAINTIFF PAVEL MALOVANY AND HIS ATTORNEY OF RECORD, DARREN M.**

18  **COHEN:**

19      **PLEASE TAKE NOTICE** that Notice of Removal of this action was filed in the United

20  States District Court for the Northern District of California, San Francisco Division, on February 5,

21  2008. Attached is a copy of the Notice of Removal, the filing of which effects the removal of this

22  action to the United States District Court.

23  Dated: February _5_, 2008                    _____

24                                               RANDALL M. WIDMANN
                                                 Attorney for Defendant
25

26

27  NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION
28  TO THE UNITED STATES DISTRICT COURT

1  Law Offices of
   RANDALL M. WIDMANN
2  RANDALL M. WIDMANN, SBN 73154
   2479 E. Bayshore Road, Suite 703
3  Palo Alto, CA 94303
   Phone: (650) 424-8400
4  Fax: (650) 617-6888

5  Attorneys for Defendant,
   RUBEN'S CUSTOM PAINT
6

7
                    UNITED STATES DISTRICT COURT
8
                NORTHERN DISTRICT OF CALIFORNIA
9
                      SAN FRANCISCO DIVISION
10
   PAVEL MALOVANY,              ) CASE NO.
11                              )
            Plaintiff,          ) (San Mateo County Case No. CIV 467222)
12                              )
        vs.                     ) **NOTICE OF REMOVAL**
13                              )
   RUBEN'S CUSTOM PAINT, a California )
14 corporation and DOES 1-50, inclusive, )
                                )
15          Defendants.         )
                                )
16 ─────────────────────────────)

17 **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE**

18 **NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, PAVEL MALOVANY AND HIS**

19 **ATTORNEY OF RECORD, DARREN M. COHEN:**

20         **PLEASE TAKE NOTICE** that Defendant, RUBEN'S CUSTOM PAINT [Ruben], hereby

21 removes this action from the Superior Court of the State of California for the County of San Mateo

22 to the United States District Court for the Northern District of California, San Francisco Division.

23 This removal is based on the fact that Federal questions are posed therefore, the action is subject to

24 removal pursuant to 28 USC §1441(b) and 28 USC §1331 and for the reasons stated below:

25         1.      On or about October 26, 2007, Plaintiff filed a Complaint alleging violations of the Fair

26 Labor Standards Act including but not limited to violations of 29 USC §§201, et seq. violations of

27 29 USC §§207(a)(1) and 215(a).   The Complaint alleges, inter alia, that Defendant did not pay

28 NOTICE OF REMOVAL

1    Plaintiff minimum, overtime and mealtime wages in violation of the Fair Labor Standards Act.

2        2.    Ruben was served with a Complaint effective on January 8, 2008 .

3        3.    Ruben filed and served his Answer to the Unverified Complaint on February 4, 2008.

4    A copy of the Answer is attached as an exhibit to the Declaration of Randall M. Widmann.

5        4.    Defendants, Doe 1 through 50 are unnamed and unknown and, therefore, to

6    Defendant's knowledge have not been served with Plaintiff's Summons and Complaint.

7        5.    In accordance with 28 USC § 1446(d) Defendant, Ruben, will promptly, after filing

8    this Notice of Removal, give written notice of the filing of the Notice to Plaintiff, Malovany, and the

9    Clerk of the San Mateo County Superior Court.   Copies of those Notices are attached to the

10   Declaration of Randall M. Widmann.  Proof of Service of the Notice to the Superior Court Clerk of

11   Removal and of the Notice to Adverse Party of Removal will be filed with this Court promptly

12   thereafter. (See Declaration of Randall M. Widmann).

13                                        **I.**

14                        **REMOVAL IS BASED ON**

15                    **FEDERAL QUESTION JURISDICTION**

16       6.    As set forth in the body of the Complaint, the Complaint puts in question various

17   United States Code Sections including 29 USC §§201, et seq. and violations of 29 USC §§207(a)(1)

18   and 215(a) and seeks recovery under, inter alia, §28 USC 216 (b).

19                                        **II.**

20                        **INTRADISTRICT ASSIGNMENT**

21       7.    Assignment to the San Francisco Division is proper because the state action filed by

22   Plaintiff is pending in the Superior Court of the County of San Mateo. [28 U.S.C. §1446(a); Northern

23   District L.R. 3-2(d).]

24       WHEREFORE, Ruben removes the above-entitled action now pending in the Superior Court

25

26

27

28   NOTICE OF REMOVAL                                                    2

1   of the State of California for the County of San Mateo to this Court.

2

3   Dated: February _____5_____, 2008

4                                         RANDALL M. WIDMANN
                                          Attorney for Defendant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   NOTICE OF REMOVAL                                                    3

1  Law Offices of
   RANDALL M. WIDMANN
2  RANDALL M. WIDMANN, St. Bar No. 73154
   2479 E. Bayshore Rd., Suite 703
3  Palo Alto, California 94303
   (650) 424-8400
4
   Attorneys for Defendant
5  RUBEN'S CUSTOM PAINT

**ENDORSED FILED**
**SAN MATEO COUNTY**

FEB - 5 2008

Clerk of the Superior Court
By ___S. YAMBING___
DEPUTY CLERK

6

7            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                IN AND FOR THE COUNTY OF SAN MATEO

9  PAVEL MALOVANY,                    )    No.  CIV 467222
                                      )
10           Plaintiff,               )    **PROOF OF SERVICE**
                                      )
11       vs.                          )
                                      )
12  RUBEN'S CUSTOM PAINT, a California )
    corporation and  DOES 1-50, inclusive, )
13                                    )
             Defendants.              )
14  _____ )

15

16

17

18

19

20

21

22

23

24

25

26

27

28  PROOF OF SERVICE                                              1

1

**PROOF OF SERVICE**

2

RE:     MALOVANY v. RUBEN'S CUSTOM PAINT
        CASE NO. CIV 467222

3

4

        I, ANNA DELGADO, declare:

5

        I am over the age of 18 years, and not a party to this action.  My business address is 2479 East Bayshore Road, Suite 703, Palo Alto, CA 94303 and on the date executed below, I served the within document(s), to wit:

6

7

        **1. Notice to Superior Court Clerk of Removal of Civil Action
           to the United States District Court;**

8

        **2. Notice to Adverse Party of Removal of Civil Action
           to the United States District Court.**

9

        on the party and/or parties listed below in said action:

10

        **Darren M. Cohen, Esq.
        Kingsley & Kingsley, APC**

11

        **Attorneys for Plaintiff, Pavel Malovany
        16133 Ventura Blvd., Suite 1200**

12

        **Encino, CA 91436
        Phone (818) 990-8300**

13

        **Fax (818) 990-2903**

14

    ___X___     **(By Mail)** I am readily familiar with this office's business practice for collection, processing and depositing of correspondence for mailing with the United States

15

                Postal Service and that the above document(s) will be deposited with the United States Postal Service on this date by placing a true copy thereof enclosed in a

16

                sealed envelope with postage thereon fully prepaid, in the United States mail box at Palo Alto, California addressed as indicated above to each of the listed persons

17

                or parties listed above.

18

    _____   **(By Facsimile)** By personally transmitting a true copy of the above document(s) via a facsimile machine to the parties or person listed above at the telephone-fax

19

                number listed for that party or person.

20

    _____   **(By Personal Service)** By personally delivering a true copy of the above document(s) to the office address of the persons or parties listed above.

21

22

    _____   **(By Federal Express-Overnight)** I am readily familiar with the Federal Express business practice for collection and processing of Federal Express packages and I

23

                have deposited the document(s) listed above in an authorized Federal Express Drop Box located at 2479 E. Bayshore Rd., Palo Alto, CA 94303, fully prepaid and addressed to the person or parties shown above.

24

        I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 5, 2008 at Palo Alto, California.

25

26

27

                                    ANNA DELGADO

28

PROOF OF SERVICE                                                              2